IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KEHARA SHANIQUE PASSMORE,
*Plaintiff*,

v.

PENTAGON FEDERAL CREDIT UNION (PENFED), *et al.*,
*Defendants*.

1:25-cv-00524-MSN-LRV

**ORDER**

This matter comes before the Court on the Report and Recommendation issued by Magistrate Judge Lindsey Robinson Vaala (the "Report") (ECF 68), regarding Plaintiff's Motions for Default Judgment (ECF Nos. 55, 61), and the objections thereto filed by Defendants BWW Law Group LLC ("BWW") and Equity Trustees, LLC (collectively, the "LLC Defendants") (ECF 72). In the Report, the Magistrate Judge recommended that the Court deny Plaintiffs' Motions for Default Judgment and impose certain disciplinary consequences on attorney Robert R. Michael. For the reasons that follow, the Court will ADOPT AND APPROVE IN PART the Magistrate Judge's Report and SUSTAIN IN PART the LLC Defendants' Objections.

## I. BACKGROUND

The Magistrate Judge's Report comprehensively sets forth the facts and procedural history of this case; therefore, the Court only summarizes the facts necessary to address the objections of the LLC Defendants and their attorney, Mr. Michael.

On March 26, 2025, Plaintiff filed this action against Defendant Pentagon Federal Credit Union ("PenFed"), alleging that PenFed had mishandled the processing of her home mortgage loan. ECF 1. Plaintiff's Complaint brought five claims against PenFed: (1) failure to verify debt and provide accounting under the Uniform Commercial Code § 9-210 and the Virginia Uniform Commercial Code § 8.9A-210; (2) violation of the Real Estate Settlement Procedures Act

("RESPA"), 12 U.S.C. §§ 2601-2617; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1639; (4) declaratory judgment and injunctive relief pursuant to Va. Code Ann. § 8.01-195.1; and (5) unjust enrichment. Plaintiff simultaneously filed a Motion for Temporary Restraining Order (ECF 3) to enjoin PenFed from proceeding with the foreclosure sale of her home, which the Court denied (ECF 5).

Plaintiff purported to serve her Complaint on PenFed via certified mail. ECF 6. But she later acknowledged that the service was invalid because she did not mail her Complaint to PenFed's registered agent. ECF 20.

On July 25, 2026, Plaintiff filed a First Amended Complaint ("FAC") in which she added BWW and Equity Trustees, LLC as Defendants. ECF 26. Plaintiff's FAC alleged that PenFed violated RESPA. *Id.* It alleged that all Defendants had committed wrongful foreclosure, and sought a declaratory judgment against them. *Id.* Lastly, it alleged that the LLC Defendants had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. *Id.*

After Plaintiff filed her FAC and served it on the LLC Defendants, the LLC Defendants—through their counsel, Robert Michael—filed a Motion to Dismiss. ECF 30. The LLC Defendants, however, failed to notice their motion for a hearing or waive a hearing within thirty days, rendering it withdrawn. *See* E.D. Va. Loc. Civ. R. 7(E). Plaintiff, meanwhile, moved for default judgment against PenFed. ECF 34. During the Magistrate Judge's hearing on Plaintiff's Motion, Mr. Michael appeared on behalf of the LLC Defendants and indicated that he had represented PenFed in the past, hoped to represent PenFed this action, and would provide Plaintiff with information on how to effectuate service. ECF 71 at 2:11-13, 13:19-25, 14:3-8. At the close of the hearing, the Magistrate Judge concluded that Plaintiff had, again, failed to properly effectuate service on PenFed. *See* ECF 44; ECF 71 at 12:5-12. The Magistrate Judge accordingly denied Plaintiff's

Motion for Default Judgment and ordered Plaintiff to file an affidavit of service documenting her additional attempts to serve PenFed by September 30, 2025. ECF 44.

A little over a week later, Plaintiff moved for leave to file a Second Amended Complaint ("SAC"). ECF 46. Her SAC added back into the case her claim that PenFed violated TILA and added claims against PenFed under 38 C.F.R. § 36.4350 and the Due Process Clause of the Fourteenth Amendment. ECF 50. While waiting for leave to file her SAC, Plaintiff again attempted service on PenFed, but only of her FAC. ECF 47. Plaintiff's Proof of Service indicates that Scott Lind is PenFed's registered agent, but that she served an individual named Maurice Moses at Scott Lind's same address. *Id.* The Magistrate Judge then granted Plaintiff leave to file her SAC, and ordered Defendants to file a response by November 6, 2025. ECF 49. Plaintiff never attempted to serve the SAC on PenFed.

When Defendants failed to file a responsive pleading to the SAC by the Magistrate Judge's deadline, the Court directed Plaintiff to obtain a default from the Clerk. ECF 52. Plaintiff eventually obtained entry of default against each of the Defendants and moved for default judgment (ECF Nos. 54, 55, 60, 61).

Although the LLC Defendants had previously filed a Motion to Dismiss, they did not oppose Plaintiff's Motion for Default or seek to set aside the default. In fact, the LLC Defendants did file anything in the case between August 20, 2025, and January 30, 2026. ECF Nos. 29, 67. The LLC Defendants also did not attend the hearing on the Motion for Default against them until the hearing had substantively finished, at which point Mr. Michael appeared. ECF 69 at 10:18-23. Mr. Michael represented to the Magistrate Judge that he had appeared at the hearing because he happened to be at the courthouse and saw Plaintiff; he was not aware his clients were in default; and, as far as he was concerned, his clients' Motion to Dismiss was still pending, despite the fact that he had not responded to the Court's Notice of Correction to waive or set a hearing, had not

filed a reply in support of the Motion, and the Motion had become mooted by the SAC. *See* ECF 69 at 10:21 – 12:17; ECF 50; August 21, 2025 Docket Notation.

Following the hearing on Plaintiff's Motion for Default Judgment against the LLC Defendants, the Magistrate Judge ordered Mr. Michael to file a pleading addressing (1) why he had not filed a responsive pleading on behalf of the LLC Defendants; (2) why he had not opposed Plaintiff's Motion for Default Judgment against the LLC Defendants; and (3) why he claimed not to have notice of the status of the case. ECF 66. Mr. Michael filed a timely response in which he explained that he had not seen electronic notices regarding the case because of a technological issue with his email. ECF 67 ¶¶ 12-16. But he also suggested that the LLC Defendants' failure to respond was a strategic choice. *Id.* ¶¶ 17-23. Lastly, Mr. Michael represented that he had "now been authorized to enter an appearance on behalf of PenFed" and would file a motion to set aside default on behalf of all Defendants "within the next week." *Id.* ¶ 24.

Despite his representations, Mr. Michael never filed a motion to set aside default or entered an appearance on behalf of PenFed. Thus, on April 1, 2026, the Magistrate Judge issued a Report on Plaintiff's Motions for Default. ECF 68.

In the Report, the Magistrate Judge concluded that Defendants had been properly served and that all Defendants had actual notice of the suit through Mr. Michael. ECF 68 at 9-10 & 10 n.10. As for the merits of Plaintiff's claims, the Magistrate Judge concluded that Plaintiff was not entitled to default judgment on any of the federal claims in her SAC and recommended that the Court decline to exercise supplemental jurisdiction over her state law claims. *Id.* at 10-17. Finally, the Magistrate Judge addressed Mr. Michael's conduct in this case. The Magistrate Judge noted that Mr. Michael's technology issues could not excuse his failure to stay apprised of the filings in this matter, and that, even after he was ordered to explain his actions in this case, he failed to follow through on his express representations to the Court. *Id.* at 18-19. The Report concluded that Mr.

Michael's "pattern of conduct in this matter is indefensible and prejudiced not only his own clients (BWW and Equity Trustees) but also PenFed," was "unfair to Plaintiff, who has diligently prosecuted this case," and "frustrated the Court's role of adjudicating matters on the merits expeditiously." *Id.* at 19. The Magistrate Judge thus recommended that the Court refer Mr. Michael to the Virginia State Bar for possible disciplinary proceedings and suspend his ability to practice before this Court. *Id.* at 19-20.

The LLC Defendants and Mr. Michael objected to the Report. ECF 72. Although Mr. Michael never entered an appearance on behalf of PenFed, he asserted that Plaintiff had not properly served PenFed and that PenFed lacked actual notice of the action. ECF 72 at 3-6. Mr. Michael also argued that disciplinary sanctions were unwarranted. Whereas Mr. Michael represented in his January 30, 2026 filing that he had "no specific recollection of Equity or BWW . . . making a determination to refrain from filing a pleading in response to the [SAC]," (ECF 67 ¶ 23), he argued in his Objections that the LLC Defendants decided Plaintiff's litigation was frivolous and thus "did not file a pleading in response" to the SAC in order to save money on legal fees (ECF 72 at 9). He further argued that, although the Magistrate Judge had set a deadline for responsive pleadings to the SAC, that order did not require Defendants to respond or engage in the litigation. ECF 72 at 7. Mr. Michael therefore objected to the Report's findings that (1) his conduct had violated several of the Virginia Rules of Professional Conduct, (2) that he had failed to comply with a court order, (3) that his actions had prejudiced his clients and PenFed, and been unfair to Plaintiff, and (4) that he had frustrated the Court's ability to adjudicate the case expeditiously. ECF 72 at 2 ¶ 3.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), the Court, after reviewing the record in its entirety, must review de novo "any part of the Magistrate Judge's disposition that has been

properly objected to." *Pickett v. Astrue*, 895 F. Supp. 2d 720, 722-23 (E.D. Va. 2012) (quoting Fed. R. Civ. P. 72(b)(3)). The Court reviews the unchallenged portions of a Magistrate Judge's recommendation only to "satisfy itself that there is no clear error on the face of the record." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment).

## III. ANALYSIS

### A. Service of Process on PenFed

The LLC Defendants argue that the Magistrate Judge's Report should be overruled to the extent that it concludes that Plaintiff properly served PenFed. ECF 72 at 2-3. But the LLC Defendants do not contest that they were properly served. And notably, even though PenFed retained Mr. Michael in connection with this matter, ECF 67 ¶ 24, Mr. Michael is not counsel of record for PenFed, and so neither he nor the LLC Defendants can make arguments on PenFed's behalf. PenFed, for its part, has failed to object to the Report, and so the Court will review the Magistrate Judge's findings regarding service on PenFed only for clear error.[1] *See Diamond*, 416 F.3d at 315.

Under the Federal Rule of Civil Procedure 4, an individual may effectuate service on a corporation, partnership, or association by following state law governing service in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1), (h). That means that here, Virginia service rules apply. Under Virginia law, a party may serve a corporate entity by, among other things, personally serving "any officer, director, or registered agent of any such corporation or on the registered agent of such limited liability company." Va. Code Ann. § 8.01-299.

[1] While the Court reviews the Magistrate Judge's findings for clear error, its conclusions would not change even under a *de novo* review.

After several failed attempts at service, Plaintiff tried to serve her FAC on PenFed's registered agent, Scott Lind. ECF 47; *see also* ECF 71-2 at 3:9-15 (confirming that Scott Lind is PenFed's registered agent). Plaintiff's process server, however, served a different individual at the same address, Maurice Moses, who indicated that he was authorized to accept service for PenFed. ECF 47. While Plaintiff's summons may not have been directed at Moses, records indicate that PenFed has previously authorized Moses to accept service on its behalf.[2] *See Nicols v. Pentagon Fed. Credit Union*, 1:23-cv-00375, ECF 7 (E.D. Va. Nov. 1, 2023).

Moreover, while the rules of service "are there to be followed," "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Where questions regarding service arise, courts must "carefully consider the entire circumstance of the case." *Simmons v. TransUnion, LLC*, 712 F. Supp. 3d 629, 636 (D. Md. 2024). If a plaintiff has taken reasonable steps to effectuate service and the defendant has actual notice of the case against it, the Court will not invalidate service. *See, e.g.*, *Ninomiya v. Riviezzo*, No. 1:25-CV-01692-MSN-LRV, 2026 WL 1865358, at *3 (E.D. Va. June 29, 2026).

Plaintiff took reasonable steps to effectuate service on PenFed's registered agent. And, as the Magistrate Judge concluded, PenFed undisputedly has actual notice of this action. *See* ECF 68 at 10 n.10. Indeed, Mr. Michael has represented to the Court that PenFed not only knew about the suit, but authorized him to enter an appearance on its behalf. ECF 67 ¶ 24.

Lastly, while Plaintiff's SAC added new claims against PenFed, Plaintiff was not obligated to separately serve the SAC. Under Federal Rule of Civil Procedure 5(a)(2), a plaintiff must serve a pleading that adds new claims for relief against a party who is in default for failing to appear.

[2] The LLC Defendants misread Virginia law to argue that a corporation must designate a registered agent through a notarized, written instrument. ECF 72 at 5. Virginia law requires that a corporation designate a registered agent who is either a natural person *or* a corporation, limited liability company or limited liability partnership designated in writing before a notary. Va. Code Ann. § 13.1-833(2)(a).

Rule 5(a)(2) does not apply here because Plaintiff received leave to file her SAC before PenFed was in default.

The Court therefore discerns no clear error in the Magistrate Judge's conclusion that PenFed properly received notice of the suit against it.

### B. Default Judgment

As for the merits of Plaintiff's Motions for Default Judgment, the Report recommends that default judgment be denied because Plaintiff has not stated a claim for relief under any of the federal causes of action in her SAC, and the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The Report's findings and conclusions are neither clearly erroneous nor contrary to law and, thus, the Court will adopt them in full.

### C. Sanctions on Mr. Michael

Finally, the Report recommends imposing disciplinary sanctions on Mr. Michael for his conduct in this action. Because Mr. Michael has objected to this portion of the Report, the Court reviews the issue of discipline de novo.

Mr. Michael's conduct in this action raises serious concerns. While, in his Objections, he framed the LLC Defendants' decision not to engage in the litigation as a strategic decision, *see* ECF 72 at 8-10, he has represented to the Court multiple times that he was unaware, for months, of what was occurring in litigation in which he was counsel of record. ECF 67 ¶ 16; ECF 69 at 12:10-17. Such nonchalance falls significantly short of counsel's requirements under the Virginia Rules of Professional Conduct 1.1 (Competence), 1.3 (Diligence), and 1.4 (Communication).

Moreover, when the Magistrate Judge ordered Mr. Michael to explain his conduct, ECF 66, Mr. Michael represented to the Court that he would file a "Motion to Set Aside Default on behalf of all Defendants . . . within the next week." ECF 67 ¶ 24. But, yet again, Mr. Michael failed to follow through or, at the very least, alert the Court that his position had changed. Mr. Michael's

sporadic absences throughout this litigation led to considerable delay, impacting both Plaintiff and the Court.

At the same time, the Court acknowledges that not contesting Plaintiff's claims was a strategic choice that Defendants were entitled to make.[3] And the Court takes Mr. Michael at his word that he has made significant efforts to improve his technological abilities and study his ethical duties as an officer of this Court. ECF 72-3 ¶¶ 45, 47. The Court will, therefore, overrule the Magistrate Judge's recommendation that Mr. Michael be referred to the Virginia State Bar and suspended from practice before this Court. Mr. Michael is hereby admonished, however, that should he continue to fail to represent clients with diligence and competence or make inaccurate representations to the Court, the Court will recommend that he be referred to the Virginia State Bar and/or suspended from practicing in the Eastern District of Virginia.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS in part the findings of fact and recommendations of the United States Magistrate Judge as set forth in the Report (ECF 68), and as MODIFIED by this Order. Accordingly, it is hereby

ORDERED that the LLC Defendants' Objections are SUSTAINED IN PART and OVERRULED IN PART. Specifically, the LLC Defendants' Objection to the Reports recommendations concerning referring Robert R. Michael to the Virginia State Bar for possible disciplinary proceedings and suspending his admission to practice in this Court are SUSTAINED. The LLC Defendants' Objection to the Report's recommendations regarding whether Pentagon Federal Credit Union has been properly served are OVERRULED; it is further

[3] Such a decision is not without risk—undoing a default judgment where the defaulting party or its attorney is to blame carries steep potential consequences for lawyers and litigants alike. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Co.*, 843 F.2d 808, 811 (4th Cir. 1988).

ORDERED that Plaintiff's Motion for Default Judgment against Pentagon Federal Credit Union (ECF 55) is DENIED; it is further

ORDERED that Plaintiff's Motion for Default Judgment against Equity Trustees, LLC, and BWW Law Group, LLC (ECF 61) is DENIED; it is further

ORDERED that Plaintiff's Second Amended Complaint (ECF 50) be DISMISSED without prejudice and without leave to amend; it is further

ORDERED that, should Robert R. Michael fail to represent clients with diligence and competence or make inaccurate representations to the Court in the future, the Court will recommend that he be referred to the Virginia State Bar and/or suspended from practicing in the Eastern District of Virginia.

It is SO ORDERED.

The Clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Defendants and against Plaintiff; forward a copy of this Order to counsel of record, and to Plaintiff Kehara Shanique Passmore, *pro se*; and close this action.

/s/
Michael S. Nachmanoff
United States District Judge

August 19, 2026
Alexandria, Virginia